| | |
|---|---|
| WEISBERG LAW<br>Matthew B. Weisberg, Attorney ID No. 85570<br>7 South Morton Ave.<br>Morton, PA 19070<br>610-690-0801<br>Fax: 610-690-0880<br>**Attorney for Plaintiff** | SCHAFKOPF LAW, LLC<br>Gary Schafkopf, Attorney ID No. 83362<br>11 Bala Ave<br>Bala Cynwyd, PA 19004<br>610-664-5200 Ext 104<br>Fax: 888-283-1334<br>**Attorney for Plaintiff** |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUVAL NELSON, JR<br>6144 B. Warnock Street<br>Philadelphia, PA 19141 | : CIVIL ACTION<br>:<br>: |
|             Plaintiff,<br>v. | : DOCKET NO.<br>: |
| CITY OF PHILADELPHIA<br>d/b/a PHILADELPHIA POLICE<br>DEPARTMENT<br>1515 Arch St, 17th FL<br>Philadelphia, PA 19102<br><br>and<br><br>John Does 1-10<br>            Defendant. | : JURY TRIAL OF TWELVE (12)<br>: JURORS DEMANDED<br>: |

## **CIVIL ACTION COMPLAINT**

### I.  Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### II.  Parties

3. Plaintiff, Duval Nelson Jr, is an adult individual residing at the above-captioned address.

4. Defendant, Philadelphia County is government agency located at the above-captioned address.

5. Defendant, Philadelphia Police Department is government agency located at the above-captioned address.

6. Defendants John Does 1-10 is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

### III.    Operative Facts

7. On or about July 19, 2015, Plaintiff Duval Nelson Jr was attacked by a group of males.

8. Among this group was his then girlfriend's ex-boyfriend.

9. At all times, Plaintiff was employed as a Corrections Officer and licensed to carry a firearm.

10. Plaintiff was attacked by the group, stumbling but not falling and forced against a fence.

11. Upon righting himself, Plaintiff pulled out his weapon and fired it at the ground to warn his attackers away from him.

12. The attackers fled, and Plaintiff drove to the 35th police precinct to report his attack.

13. Upon arrival at the precinct, he spoke Defendant John Doe officer on duty, and was taken to the roll call room (presumably to await a detective to take his statement).

14. Soon thereafter, Plaintiff was brought before two (2), Defendants, John Does detectives.

15. The detectives immediately asked if he wanted to speak with counsel.

16. Plaintiff advised that he **DID** want counsel present, but the detectives continued to speak

to him without allowing Plaintiff to contact his attorney.

17. Plaintiff was given the right to make a phone call and immediately called his employer in an effort to get ahold of a union delegate to assist him.

18. Plaintiff gave his statement to the detectives and was told he had to wait for the Prosecutor to appear.

19. Prior to the arrival of the district attorney, Plaintiff spoke with Internal Affairs and provided another statement.

20. Following several hours at the police station the Prosecutor arrived.

21. Plaintiff learned for the first time that a bystander, Jonathan DaCosta had been injured by the warning shot fired by Plaintiff.

22. The District Attorney charged with aggravated assault, simple assault, recklessly endangering another person and possession of an instrument of crime.

23. Plaintiff's bail was set at $350,000.00 and reduced to $250,000.00.

24. On or about November 1, 2015, Plaintiff's family paid the bail; Plaintiff was not released until December 4, 2015.

25. Upon his release, Plaintiff was placed on house arrest.

26. During Plaintiff's trial it was revealed that the Commonwealth's main witness, Nick Roy Prince, had been given immunity from prosecution (as he was at the scene selling drugs while Plaintiff was being attacked).

27. It was further revealed that all of the other witnesses in the case were relatives of the victim.

28. During Plaintiff's trial it was revealed that the Commonwealth had lost key evidence in his case, specifically that they lost the bullets from the gun he fired.

29. In addition, it was revealed that the detectives who interviewed the Plaintiff failed to visit the crime scene and failed to confirm witnesses' statements.

30. On or about November 10, 2016, Plaintiff's first trial subsequently resulted in mistrial.

31. The Commonwealth retried Plaintiff.

32. On November 14, 2017, Plaintiff was acquitted of all charges.

33. As a direct and proximate result of Defendants' misconduct, Plaintiff suffered physical injury, significant financial loss and severe emotional distress.

## COUNT I
### Malicious Prosecution/False Arrest and Wrongful Imprisonment

34. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

35. Defendants' actions stated above, *inter alia*, were committed under the color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

36. Defendants caused Plaintiff to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and State law.

37. Defendants instituted criminal action against Plaintiff by way of failing to properly investigate the alleged attempted murder.

38. Plaintiff, Duval Nelson, was seized at the time he was arrested.

39. The criminal action terminated in Plaintiff's favor and Plaintiff was released without being charged.

40. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff, Duval Nelson, of his rights as set forth above and pursuant to the U.S. Const.

Amends. IV and XIV, actionable through 42 U.S.C. §1983, et seq., as well as common law.

## COUNT II
### Monell

41. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

42. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights. Specifically, Plaintiff's imprisonment was based on false statements which Defendants failed to investigate properly.

43. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of incarcerated citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

44. Plaintiff suffered harm due to Defendants' conduct.

IV. **Prayer for Relief**

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Statutory Damages;

    b. Punitive Damages;

    c. Compensatory Damages, including:

        i. Actual Damages for financial and physical injuries, including but

        not limited to wage loss and loss of earning capacity, and emotional distress; and

   d.    Attorneys' fees and expenses, costs of suit, and equitable relief.

Respectfully Submitted,

WEISBERG LAW

*/s/: Matthew Weisberg*
Matthew Weisberg, Esquire
Attorney for Plaintiff
DATED: 3-27-19

SCHAFKOPF LAW, LLC

Gary Schafkopf, Esquire
Attorney for Plaintiff
DATED: 3-27-19